IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGIE TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-966-L-BN |
| | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This action to review the final decision of the Commissioner of Social Security has been referred to the undersigned magistrate judge pursuant to Title 28, United States Code, Section 636(b).

In a June 23, 2014 Order Directing the Filing of Briefs [Dkt. No. 17], the Court ordered Plaintiff, who is proceeding *pro se*, to, by August 22, 2014, serve and file a brief setting forth all errors that Plaintiff contends entitle Plaintiff to relief. The Court's order further provided that "[t]he deadlines set forth in this order will not be modified except upon written motion for good cause shown." *Id.* at 4.

On July 16, 2014, Plaintiff filed a motion requesting more to so that she could find an attorney to represent her. *See* Dkt. No. 19. Without opposition from Defendant, *see* Dkt. No. 21, the Court granted Plaintiff's motion and extended her deadline for her opening brief to October 21, 2014, *see* Dkt. No. 21.

More than a week after this extended deadline, Plaintiff had not filed her

opening brief. The Court cannot proceed with this case and review the Commissioner's decision until Plaintiff files her opening brief. Therefore, on October 29, 2014, the Court issued a Notice of Deficiency and Order Extending Briefing Deadline, giving Plaintiff until November 21, 2014 in which to file her opening brief. *See* Dkt. No. 23. Plaintiff was "warned that failure to comply with this order may result in the imposition of sanctions, including dismissal of Plaintiff's action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) if – absent any response from Plaintiff – the Court determines that imposition of lesser sanctions would be futile." *Id.* at 2.

Still Plaintiff has made no filing and has not otherwise communicated with the Court since the time of requesting an extension of time more than four months ago. All of the Court's orders and notices have been mailed to Plaintiff, and none of those mailings have been returned as undeliverable. But Plaintiff has not responded to the Court's October 29, 2014 Notice of Deficiency and Order Extending Briefing Deadline [Dkt. No. 23] or filed the required brief by the twice-extended deadline of November 21, 2014.

Because Plaintiff has failed to respond to the Court's orders or otherwise file the required brief in support of her claims, the undersigned now recommends that the Court should dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). But, if, within 14 days of the date of this recommendation, Plaintiff makes a filing with the Court indicating that she intends to file a brief, the Court should refer the case back to the undersigned

magistrate judge for further case management.

## Legal Standards

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. Nov. 17, 2011) (per curiam) (42 U.S.C. § 1983 action) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

## Analysis

Plaintiff has failed to file a brief setting forth the errors that she contends entitle her to relief, and Plaintiff has ignored the Court's twice-extended deadline, despite the Court's warning that failure to comply with the Court's order may result in the imposition of sanctions, including dismissal of Plaintiff's action for want of prosecution under Rule 41(b). *See* Dkt. Nos. 22 & 23. Since the time that the Court granted her request for an extension of time in July 2014, Plaintiff has not filed any document or taken any action that would indicate that Plaintiff intends to pursue this case. And, because of the brevity of her Complaint, it is impossible for the Court to determine the basis for her claims. *See* Dkt. No. 3.

The undersigned concludes from these facts that Plaintiff no longer wishes to pursue her claims. In short, by her inaction, Plaintiff has "demonstrate[d] a manifest lack of interest in litigating [his] claims." *Godley v. Tom Green Cnty. Jail*, No. 6:11-cv-24-C-BL, 2011 WL 7461630, at *1 (N.D. Tex. Nov. 7, 2011), *rec. adopted*, 2012 WL 724650 (N.D. Tex. Mar. 6, 2012). A Rule 41(b) dismissal of Plaintiff's case is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time, if ever, that Plaintiff decides to comply with the Court's orders and file the brief necessary for the Court to adjudicate her claims.

This action should be dismissed for Plaintiff's failing to prosecute and failing to comply with the Court's orders. *Accord Davis v. Colvin*, No. 3:13-cv-3730-B-BF, 2013 WL 1499379 (N.D. Tex. Mar. 12, 2013), *rec. adopted*, 2013 WL 1501617 (N.D. Tex. Apr. 12, 2013) (citing cases).

**Recommendation**

The Court should *sua sponte* dismiss Plaintiff's action without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff makes a filing with the Court indicating that she intends to file a brief, the Court should refer the case back to the undersigned magistrate judge for further case management.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 1, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE